UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SEANTYA ELDER, Plaintiff, v. WINGARD, et al., Defendants. | ) | No. 4:25-cv-00083-SEB-KMB |

**Order Granting Unopposed Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Seantya Elder filed this action contending that his constitutional rights were violated while he was incarcerated at the Floyd County Jail (the "Jail"). Specifically, Mr. Elder alleges that defendant Officer Burriell assaulted him and dragged him across the floor and that Officer Burriell and Lieutenant Wingard denied his requests for water. Defendants move for summary judgment arguing that Mr. Elder failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE.**

## I.
## Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because

those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Elder failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Elder was incarcerated at the Floyd County Jail.

**A. Grievance Process**

The Jail has an inmate grievance process which was in place during the time Mr. Elder alleges his rights were violated. Dkt. 22-3 at 22. Under the grievance process, inmates wishing to resolve a problem are required to submit a grievance through their Jail-issued tablet or kiosk. *Id.* A grievance must include "the date, time, names of all persons involved, and all pertinent details including the names of any witnesses." *Id.* A grievance must be filed within 5 days of the incident or will be dismissed." *Id*. Inmates receive notification on the kiosk when their grievance has been answered. *Id.* If an inmate does not agree with the response to the grievance, he can appeal within five days of receiving the response. If the inmate does not agree with the response to the appeal, then the inmate may appeal for a second time. *Id*. A second appeal with a second response given is the final decision under the Jail's grievance procedure.

**B. Plaintiff's Participation in the Grievance Process**

Mr. Elder filed only two grievances during his incarceration at the Jail. On June 8, 2024, Mr. Elder grieved that he had several medications which were prescribed to him, but which he had not received since his release from the hospital two days before. Dkt. 22-3 at 10. On June 15, Mr. Elder grieved that he was prescribed three medications at the hospital but it had been two weeks and he had not received them. *Id.* at 11. Neither of those grievances concern Officer Burriell's use of force or Officer Burriell's or Lt. Wingard's purported denial of Mr. Elder's requests for water.

**III. Discussion**

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534

U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Elder] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted). The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross,* 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

Defendants have designated evidence that Mr. Elder could file grievances, but he did not file any grievances about his claims in this case. They therefore have met their burden of proving that Mr. Elder "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. And Mr. Elder has not responded to their motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters these facts. The undisputed record

therefore reflects that Mr. Elder was aware of the grievance process at the Jail and failed to complete it as to his claims in this case.

In short, Mr. Elder did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

**IV. Conclusion**

For the above reasons, Defendants' unopposed motion for summary judgment, dkt. [21], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 10/1/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SEANTYA ELDER
4329 S. 3rd St.
Louisville, KY 40214

Patrick Muldoon
BARNES MALONEY PLLC
pmuldoon@sbmkylaw.com

Justin M. Schaefer
BARNES MALONEY PLLC
jschaefer@sbmkylaw.com